IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DENNIS J. IDLE,**

     Plaintiff,     Case No. 3:09-cv-384

vs.              Judge Thomas M. Rose

**MICHAEL J. ASTRUE,**     Magistrate Judge Michael R. Merz
**Commissioner of Social Security,**

     **Defendant**.

_____

    **ENTRY AND ORDER OVERRULING IDLE'S OBJECTIONS (Doc. #18) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #16) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT IDLE WAS NOT DISABLED AND TERMINATING THIS CASE**

_____

    Plaintiff Dennis J. Idle ("Idle") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying his application for Social Security disability benefits. On October 4, 2010, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (doc. #16) recommending that the Commissioner's decision that Idle was not disabled be affirmed. Idle subsequently filed Objections (doc. #18) and the Commissioner responded to Idle's objections (doc. #19). This matter is, therefore, ripe for decision.

    Idle initially sought both disability insurance benefits ("SSD") and supplemental security benefits ("SSI") on February 3, 2004, alleging disability from January 23, 2003. Idle's applications were denied initially and on reconsideration. Idle then filed an action in this Court

seeking judicial review. Subsequently, pursuant to the joint motion of the parties, this Court remanded the matter to the Commissioner for further administrative proceedings.

On remand, the Appeals Council vacated Administrative Law Judge ("ALJ") Melvin Padilla's decision and remanded the matter to him for further proceedings consistent with this Court's Remand Order. ALJ Padilla then held a hearing and subsequently found that Idle is not disabled and, thus, not entitled to benefits. The Appeals Council denied Idle's request for review and ALJ Padilla's decision became the Commissioner's final decision. Idle then sought review of this final decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #16) and in Idle's Objections (doc. #18) and the Commissioner's Response (doc. #19), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, affirms the Commissioner's decision that Idle was not disabled. Finally, Idle' Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated*

*Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal criteria. WHEREFORE, based upon the aforesaid, Idle's Objections to the Magistrate Judge's Report and Recommendations (doc. #18) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #16) in its entirety. The Commissioner's decision that Idle was not disabled and, therefore, not entitled to benefits under the Social Security Act is AFFIRMED.

The captioned cause is hereby ordered terminated upon the docket records of

the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

      **DONE** and **ORDERED** in Dayton, Ohio, this Fifth Day of November, 2010.

.                                        **s/Thomas M. Rose**

                                        _____
                                        JUDGE THOMAS M. ROSE
                                        UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record